## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| JOE H. HEREFORD, | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| v. | } | **Case No. 4:06-CV-0336-RDP** |
| | } | |
| CALFEE COMPANY OF DALTON, | } | |
| INC. et al., | } | |
| | } | |
| **Defendants.** | } | |

## MEMORANDUM OPINION

The court has before it Plaintiff's Motion to Dismiss or Deny Defendants' Notice of Removal (Doc. # 3) filed February 22, 2006.  As indicated in the court's February 23, 2006 order, the court will treat this motion as a motion to remand.  (Doc. # 5).  The motion has been fully briefed, and both parties have submitted supplementary evidence in support of their respective positions.  (Docs. # 3, 6, 7, 8, 9).  For the reasons outlined below, the court finds that Plaintiff's motion is due to be granted and this case remanded to the Circuit Court of Etowah County, Alabama.

## I.      Relevant Facts

Plaintiff originally filed this action against Defendants in the Circuit Court of Etowah County, Alabama.  (Doc. # 1, Ex. A).  Plaintiff's state-court verified "Complaint to Reform Conveyance, or in the Alternative, to Quiet Title" seeks only declaratory and other equitable relief under Alabama state law.  (Doc. # 1, Ex. A).  Plaintiff seeks alternative forms of relief: (1) reformation of the subject deed to the correct description; or (2) to quiet title to the disputed property in favor of Plaintiff based upon his alleged "actual, open, continuous and notorious possession of the disputed tract for more than ten (10) years next preceding the filing of this complaint" which he

believes entitles him to the property by adverse possession.  (Doc. # 1, Ex. A).

The disputed property at issue in this case is a small portion of a parcel of real property in Attalla, Alabama that Plaintiff sold to Defendant Calfee in 1993.  (Doc. # 1, Ex. A).  Plaintiff claims that the deed's description of the property conveyed "was erroneous" and included "more real estate than [Plaintiff] intended to convey."  (Doc. # 1, Ex. A: Complaint ¶ 5, Ex. A to the Complaint). Paragraph 6 of Plaintiff's complaint purports to outline the "correct" description of the real estate that Plaintiff intended to convey in 1993, although Plaintiff has now clarified that the description contained in ¶ 6 of his complaint was itself incorrect.  Line 10 of ¶ 6 inadvertently stated "thence run in a **Southwesterly** direction a distance of 67 feet to a point" (emphasis added) when it should have stated "Southeasterly direction" instead.  (*Compare* Doc. # 1, Ex. A: Complaint, ¶ 6 *with* Doc. # 7, at 1).

To further clarify what portion of the land is in dispute in this case, Plaintiff refers the court to "Attachment A" to his motion to remand, which is a copy of the land survey of the subject property using hand-drawn yellow shading, "X"'s, and several printed notations to designate the location and size of the property Plaintiff claims of Defendants.  (Doc. # 3, Ex. A).  Those markings indicate that Plaintiff is claiming a roughly L-shaped strip of land several feet wide running the length of the two sides of the subject property, about 200 feet and 171 feet, respectively, with the "legs" of the "L" becoming increasingly wider as they approach a point of convergence at the corner of the subject property behind the convenience store.  (Doc. # 3, Ex. A).  The land claimed by Plaintiff in Attachment A specifically excludes any part of the land upon which the store building sits.  (Doc. # 3, Ex. A).  Plaintiff claims that the fair reasonable market value of the land he seeks "would not exceed $10,000.00 under any circumstance." (Docs. # 3, 8).

Defendants timely removed the case to this court pursuant to 28 U.S.C. §§ 1441 and 1446, invoking this court's subject matter jurisdiction under 28 U.S.C. § 1332, which authorizes district courts to exercise original jurisdiction over actions in which the parties are of diverse citizenship and "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." (Doc. # 1, citing 28 U.S.C. § 1332(a)). Defendants' removal is based upon the assumption that Plaintiff's complaint seeks approximately "one-third to one-half" of the total property which was conveyed to Defendant Calfee in 1993 for a price of $225,000.00, which now includes a convenience store constructed after the 1993 conveyance that increases the value of the property immensely. (Doc. # 1, Ex. B; Doc. # 6, Ex. B).

Plaintiff's motion to remand does not dispute that the parties are of diverse citizenship; rather, Plaintiff disputes only whether the amount in controversy requirement is met. (Doc. # 3). Plaintiff's motion to remand clarifies that, contrary to Defendants' notice of removal, Plaintiff has never asserted a claim against the subject property with respect either to the convenience store building or to any area of the property other than the small L-shaped area he marked on Attachment A. (Docs. # 3, 8). Plaintiff claims that the value of the L-shaped property that he seeks is far less than the jurisdictional threshold. (Docs. # 3, 8).

## II.  Discussion

An inquiry into the existence of diversity jurisdiction focuses upon the circumstances existing at the time of removal. *See Poore v. American-Amicable Life Ins. Co. of Texas*, 218 F.3d 1287, 1290 (11th Cir. 2000). "[I]f a district court has subject matter jurisdiction over a diversity action at the time of removal, subsequent acts [which reduce the amount sought by Plaintiff] do not divest the court of its jurisdiction over the action." *Behlen v. Merrill Lynch*, 311 F.3d 1087, 1095 (11th Cir.

2002); *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938) ("events occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached").  Accordingly, "though  ... the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite [jurisdictional] amount, this does not deprive the district court of jurisdiction." *Red Cab,* 303 U.S. at 292; *see also Poore,* 218 F.3d at 1290-92 (reversing district court order directing remand based upon post-removal amendment to the complaint reducing the amount in controversy).

Nonetheless, while it is true that a plaintiff may not defeat removal by subsequently changing his damage request, a post-removal affidavit correcting an error in the original complaint, or clearing up an ambiguity in the amount of damages sought by the complaint, is not a *reduction* in damages, but merely a *clarification* of the amount of damages sought at the time of removal.  *See Moore v. Toyota Motor Corp.*, 64 F.Supp.2d 612, 614 (N.D.Miss. 1999).  The distinction is important because when there is only a clarification, the court is still examining the jurisdictional facts as of the time the case is removed even though it has considered information submitted after removal.  *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995) ("under any manner of proof, the jurisdictional facts that support removal must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time"); *Cross v. Bell Helmets*, *USA*, 927 F.Supp. 209, 214 (E.D.Tex.1996) ("Damage stipulations filed before a federal district court has passed upon its determination of jurisdiction are permissible if they clarify as opposed to amend an original petition.").

4

A.      **Plaintiff's Post-Removal Affidavit Merely Clarifies the Damages Sought by His Complaint and Thus Is Properly Considered in Support of Remand**

It is clear to the court that, in this case, Plaintiff's post-removal affidavit serves merely to clarify and correct that which he originally sought in his state court complaint.  Plaintiff's affidavit states, in pertinent part:

> Since the deed was given on November 3, 1993, I have <u>NEVER</u> made claim to any part of the land on which the service station and quick shop are located . . . .
>
> The defendants' buildings and improvements are located on the property intended to be conveyed and inside the curbed lines established by the defendants.  <u>I have never made any claim to any portion of that property</u> . . . .
>
> Hereford does not now nor has he ever sought to claim any portion of the property intended to be conveyed and has never made claim to any of the property conveyed except that designated and marked by Xs on Attachment "A" . . . .
>
> In my original [complaint] to reform the deed to speak the true intention of the parties, I attempted to write the description for the true land intended to be conveyed but through an error of the scrivener in describing the real estate there was inadvertently stated on the tenth line . . . "Southwesterly . . . ," when the line should have read "Southeasterly . . . ."
>
> Even though the original description contained the error, I am not attempting to amend my complaint by correcting the description to claim any more land than initially claimed . . . .
>
> I have never made a claim and make no claim now to the real estate shown on Attachment "A" . . . except that marked in Xs which is outside the curbing . . . . I, my heirs at law, transferrees or assigns, do not now or will not at any time in the future claim in any Court any land  . . . except that marked in Xs which is outside the curbing  . . . .

(Doc. # 8, at 2-3) (emphasis in original).  It should come as no surprise to Defendants that Plaintiff actually seeks a smaller portion of land than originally (and erroneously) described in ¶ 6 of his complaint – an affidavit submitted by Defendants in support of their notice of removal *admits* that "plaintiff's counsel indicated before the filing of the Complaint that plaintiff was seeking to acquire a lesser amount of property [than that] contained in the legal description found in paragraph 6 of the

5

plaintiff's sworn complaint."  (Doc. # 1, Ex. B).

Plaintiff's affidavit cannot be reasonably construed as an attempt to amend or reduce the damages originally sought by his complaint, given that Plaintiff's motion to remand and supplementary affidavit highlight a scrivener's error in his complaint and include, for the first time, a drawing of the land he seeks in "Attachment A."   Moreover, the fact that Defendants admitted at the time of removal - before Plaintiff's motion to remand was filed - that Plaintiff's complaint seemed to seek more land than had previously been demanded by Plaintiff prior to the filing of that complaint lends even more credence to the conclusion that Plaintiff is merely clarifying an error in his complaint rather than reducing his damages post-removal. (Doc. # 1, Ex. B).  Because the court finds that Plaintiff's post-removal affidavit merely corrects a clerical mistake in the property description, and clarifies that Plaintiff seeks ownership of only a portion of the land conveyed to Defendant by deed in 1993,[1] the court will consider Plaintiff's affidavit when calculating the damages sought by Plaintiff in this case.

### B.      The Damages Sought by Plaintiff's Complaint at the Time of Removal Were Below the Jurisdictional Threshold for Diversity Jurisdiction

Having determined that consideration of Plaintiff's post-removal affidavit is appropriate in light of its function to clarify, not alter, the amount of damages sought, the court must now determine if Plaintiff's damages meet the jurisdictional threshold for diversity claims. "'When a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the

---

[1] The court rejects Defendants' argument that "by including an express demand for reformation of the boundary of the subject property to reflect the [erroneous] description set forth in paragraph six of his verified complaint, Plaintiff has made a claim [for the entirety of the property including the convenience store]." (Doc. # 6 at 9).  Plaintiff's drawing in "Attachment A" reflects clearly the land that he seeks.

litigation from the plaintiff's perspective.'" *Federated Mut. Ins. Co. v. McKinnon Motors*, 329 F.3d 805, 807 (11th Cir. 2003) (quoting *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000)).  The Eleventh Circuit has explained what materials and evidence are properly considered when assessing whether the amount in controversy is met:

> When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed.

*Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

In this case, the court held a telephone conference on March 7, 2006, wherein it invited Plaintiff to submit an affidavit or other evidence to value the property that he seeks as identified on Attachment A.  Plaintiff's March 8, 2006 affidavit estimates that the "fair reasonable market value" of  "the real estate shown on 'Attachment A' . . . marked in Xs which is outside the curbing of the defendants property . . . . would not exceed $10,000.00 under any circumstance." (Doc. # 8, at 4).  In response to Plaintiff's valuation, Defendants chose *not* to submit an estimate for "the real estate shown on 'Attachment A' . . . marked in Xs which is outside the curbing of the defendants property" as *drawn* by Plaintiff in Attachment A.   Rather, Defendants continue to value the property based only on the *description* of the property contained in ¶ 6 Plaintiff's complaint and modified by substituting  "Southeasterly"  for  "Southwesterly."[2]   Defendants  maintain  that  even  when

---

[2] Although Defendants' notice of removal included an affidavit opining that the value of the relief requested by Plaintiff in his complaint is far in excess of $75,000.00, that valuation was based on the erroneous description of the property contained in ¶ 6 of the complaint, and was made without the benefit of Plaintiff's "Attachment A" drawing which clarifies the parcel of land he seeks.  (Doc. # 1, Ex. B, Wingo Aff. ¶ 9).  Because Plaintiff's motion to remand highlighted the error in his state

7

"Southeasterly" is substituted for "Southwesterly" on Line 10 of ¶ 6, a survey of the property as described by Plaintiff is not the same as the L-shaped parcel of property drawn by Plaintiff in "Attachment A." (Doc. # 9, Exs. A, A-1). According to Defendant, even Plaintiff's corrected metes and bounds description of the property is substantially larger than that represented by the Attachment A drawing – it is approximately 8,538 square feet in size (one quarter of the subject property conveyed by the description of the deed from Plaintiff in 1993) and includes some of the land upon which the convenience store building rests. (Doc. # 9, Exs. A, A-1). Thus, Defendants maintain that based upon the corrected *description* of the property alone, Plaintiff's damages are above the $75,000.00 jurisdictional threshold. (Doc. # 9, Exs. A, A-1).

Defendants' attempt to point out the discrepancy between Plaintiff's description of the property and Plaintiff's drawing of the property is not helpful to this court when deciding whether to remand the case. Setting aside the metes and bounds description – which Plaintiff has admitted was incorrect and unreliable – Plaintiff has clearly indicated that he never intended to claim, and will never claim, any amount of property larger than that designated by "Xs" on Attachment A. Whether there is a difference in the description of the property which Plaintiff claims to have intended to convey in 1993, and the actual amount of property which Plaintiff seeks in this lawsuit (as indicated on "Attachment A") is a factual question for the state court to resolve. It may be that even the "corrected" version of ¶ 6 of Plaintiff's complaint *still* incorrectly describes the metes and bounds of the property drawn by Plaintiff in "Attachment A" and must be amended to reflect the correct description. However, those are not matters for this court to decide given that, regardless of what

_____

court complaint and clarified the portion of land sought, the court permitted both parties to submit further evidence of the valuation of the actual property sought.

the description says, Plaintiff (1) has clearly stated he never intended to assert any claim to the convenience store or any part of the land inside the curbing of Defendants' property and has disavowed any such claim, and (2) unambiguously seeks only the L-shaped portion of land designated in "Attachment A," which Plaintiff values at no more than $10,000.00.  (Doc. # 8, at 4).

Plaintiff's affidavit confirms that the amount of damages specified in the state court complaint is less than the diversity jurisdictional amount of $75,000.00, and the court finds that the affidavit manifests Plaintiff's "commitment to recovery below the federal threshold." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 n. 10 (5th Cir. 1995).  Because Plaintiff's express stipulation in his affidavit limits his recovery to "the real estate shown on 'Attachment A' . . . marked in Xs which is outside the curbing of the defendants property . . . . the fair reasonable market value of [which] would not exceed $10,000.00 under any circumstance" (Doc. # 8, at 4),  upon remand Plaintiff "will not be able to recover more than the damages for which [he] has prayed in the state court complaint." *De Aguilar* , 47 F.3d at 1411.

**III.    Conclusion**

Accordingly, the actual amount in controversy in this case does not invoke diversity jurisdiction, this court is without subject matter jurisdiction to entertain Plaintiff's complaint, and Plaintiff's motion to remand must be granted.  A separate order will be entered.

**DONE** and **ORDERED** this _____24th_____ day of March, 2006.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

9